

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2009

# Mullen v. Alicante

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mullen v. Alicante" (2009). *2009 Decisions*. Paper 1783.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1783

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3083

STEPHEN MULLEN; DONNA MULLEN, H/W,
                                        Appellants

v.

ALICANTE CARRIER SHIPPING CORP.;
DEL MONTE FRESH PRODUCE INTERNATIONAL, INC.;
DEL MONTE FRESH PRODUCE N.A., INC.;
COMERCIALIZADORA INTERNATIONAL CONSERBA S.A.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 02-cv-06722
(Honorable Bruce W. Kauffman)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2008

Before:  SCIRICA, *Chief Judge*, and RENDELL, *Circuit Judges*,
and O'CONNOR, *Retired Associate Justice**

(Filed: March 4, 2009)

OPINION OF THE COURT

---

*The Honorable Sandra Day O'Connor, Retired Associate Justice of the Supreme
Court of the United States, sitting by designation.

SCIRICA, *Chief Judge*.

Stephen Mullen appeals the order denying his motion for a new trial. Mullen

challenges one of the District Court's jury instructions and the sufficiency of evidence

justifying it. For the following reasons, we will affirm.[1]

I.

Mullen is a career longshoreman who suffered injury while disengaging cargo

slings from pallets of newly arrived shipments of bananas. He filed a personal injury

complaint against Del Monte Fresh Produce N.A. (Del Monte N.A.) and others under

general maritime law and the Longshoremen's and Harbor Workers' Compensation Act,

33 U.S.C. § 905(b).[2] Del Monte N.A. was the operator of the terminal where the cargo

was being unloaded and, Mullen contends, in control of the defective sling which caused

his injury. The jury returned a verdict absolving Del Monte N.A. of any liability for

Mullen's injury. Mullen timely appealed.

II.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1332. We have jurisdiction under 28 U.S.C. §1291 which provides appellate jurisdiction over all final decisions of district courts.

[2] Initially, Mullen filed a complaint against three defendants: Alicante Carrier Shipping Corp., Del Monte Fresh Produce International, Inc. and Del Monte N.A. All three defendants filed Motions for Summary Judgment. On August 1, 2004, the District Court granted the motions for Alicante Carrier and Del Monte International. On September 27, 2004, the District Court denied Del Monte N.A.'s motion and the case proceeded to a jury. Mullen initially appealed all of these orders, but has since settled with Alicante and Del Monte Fresh Produce.

Two negligence principles are at issue in this matter: obviousness and contributory negligence. Obviousness is a defense in negligence contexts including general maritime law. *Howlett v. Birkdale Shipping Co.*, 512 U.S. 92, 99 (1994) (identifying the obviousness of a hazard as a bar to recovery). Comparative negligence is the negligence regime applied in the maritime context. *Socony-Vacuum Oil Co. v. Smith*, 305 U.S. 424, 431 (1939) ("Any rule of assumption of risk in admiralty, whatever its scope, must be applied in conjunction with the established admiralty doctrine of comparative negligence and in harmony with it.").

Mullen contends he injured his right shoulder when the sling he was removing became stuck in the pallet (allegedly due to a knot) and he forcefully yanked the sling to dislodge it. At trial, multiple witnesses, including Mullen, testified that slings got stuck on a regular basis and that the best way to deal with stuck slings was to use a forklift to free the slings, rather than to forcefully yank them. Trial testimony demonstrated that longshoremen, including Mullen, re-circulated knotted slings instead of disposing of them. Importantly, the jury heard testimony that Del Monte N.A. instructed Mullen and his fellow longshoremen to dispose of knotted slings. There was unchallenged evidence that new slings were always available. and under the longshoremen's control. The jury, thus, heard testimony that the longshoremen knew of the danger posed by damaged slings.

General maritime law adopts land-based tort principles of which obviousness is a defense. *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 168 (identifying legislative intent that maritime liability is to be judged by land-based standards). While it is true, as Mullen contends, the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), applies an active operations duty, this Act is limited only to vessels and therefore is not applicable here. *Davis v. Portline Transportes Maritime Internacional*, 16 F.3d 532, 540 (3d Cir. 1994) (specifically limiting § 905(b) claims to situations where the vessel controls the area and the instrumentality of the injury). Mullen cites no cases where a § 905(b) active operations duty has been applied to a terminal operator. The District Court re-stated well-settled law when it instructed the jury that, "The defendant is not required to protect the plaintiff from dangers which the defendant could reasonably believe would be obvious to the plaintiff."

Contributory negligence was injected into the case by plaintiff's own jury charge submission. When the District Court asked Mullen's counsel during the charging conference to clarify the difference between comparative and contributory negligence, plaintiff's counsel said the difference was "academic" and consented to the court's use of the word "contributory" negligence in the judge's jury charge. Thus, to the extent there is confusion in the nomenclature in this matter, it was created by Mullen. More importantly, the District Court in fact instructed the jury correctly on obviousness and comparative negligence, the liability scheme that applied in this case.

4

Mullen also contends the evidence cited at trial did not justify the obviousness charge. But even Mullen testified that he had encountered stuck slings, that he regularly re-circulated knotted slings himself and could have been injured by one of his own re-circulated slings in this case, and that forklifts were available, ready to free the sling mechanically. There was abundant evidence from which a jury could find this was a known and obvious condition to the plaintiff. Accordingly, the District Court's obvious hazard instruction was proper.

We will affirm the judgment.